IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| WILLIE WASHINGTON | § | |
| v. | § | CIVIL ACTION NO. 5:23cv53-RWS-JBB |
| 5TH DISTRICT COURT, BOWIE COUNTY | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Willie Washington filed this application for the writ of habeas corpus challenging the legality of his prosecution. The case was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Petitioner's Application for Habeas Corpus Relief**

Petitioner states that on October 26, 2022, Judge Bill Miller of the 5th Judicial District Court of Bowie County issued a search warrant without probable cause. Petitioner was arrested on federal charges on April 1, 2023. Petitioner states that on April 17, 2023 Judge Miller issued a warrant for him on state charges which were the same as the federal charges. Petitioner says that he was released on bond on May 26, but he did not know about the state warrant until he reported to the bail bond company on June 1. He gives the cause number of his state criminal case as 22F-1498-005.

Petitioner also complains of a conflict of interest on the part of Bowie County Chief Public Defender Alwin Smith, whom he says had previously prosecuted him, and that he received ineffective assistance of counsel from Smith and another attorney named Paige Blackmon.

As exhibits, Petitioner attaches a copy of a probable cause affidavit and complaint dated October 26, 2022, which alleges that an individual named J-C- possessed crack cocaine.

1

A hand-written note on the affidavit says that Investigator Linn "lied and omitted things in search warrant." Dkt. No. 1-1, pp. 1-2.

Petitioner next attaches a letter informing him that his state criminal case will be called for an arraignment hearing on April 17, 2023. He had a surety bond for $3,000.00 which he signed promising to appear in court (Dkt. No. 1-1, pp. 4-7) and an affidavit by Investigator David Linn dated October 26, 2022, in support of a search warrant of Petitioner's residence. Dkt. No. 1-1, pp. 8-11.

A form entitled Probable Cause Affidavit and Complaint - Warrantless Arrest, also signed by Linn and dated October 27, 2022, said that a search was conducted on Petitioner's residence which turned up prescription and illicit drugs, a loaded 9mm firearm, 9mm magazines and ammunition, digital scales, and packing materials. Dkt. No. 1-1, p. 12.

An email exchange between a person named Angela Leverich and U.S. Marshals Service analyst Tammy Williams reflects that Petitioner had a bond hearing scheduled for April 6, 2023, but the hearing was cancelled and would be reset. Dkt. No. 1-1, p. 13. Plaintiff next attaches what appears to be a photograph taken by his residence showing U-Haul trucks in the yard, and a TDCJ "arrival notice / face sheet" showing that he received a ten-year sentence in 2000 and was released on mandatory supervision in September of 2004. Dkt. No. 1-1, pp. 14-15.

Petitioner attaches documentation showing that he had a prescription for gabapentin and an unsigned form from the State of Arkansas indicating that Petitioner was qualified for issuance of a disability placard. Dkt. No. 1-1, pp. 16-17. He attached a letter from the Social Security Administration showing that he is entitled to monthly benefits. Dkt. No. 1-1, p. 27.

Finally, Petitioner includes a copy of the search warrant for his residence signed by Judge Miller on October 26, 2022, a copy of a traffic stops which Petitioner says was pretextual, and a copy of a jail grievance which is difficult to read but which appears to complain about the circumstances of his arrest.

For relief, Petitioner asks that case no. 22F-1498-005 be dismissed or removed to federal court, saying that he already has criminal charge No. 5:23cr5 pending in federal court, which resulted from the same act; as a result, he says that the state court cannot charge him with a state crime.

The on-line records of Bowie County show that Petitioner was charged in cause no. 22F-1498-005 with possession of a controlled substance. An arraignment hearing was held on April 17, 2023, and a scheduling order was issued on July 11, 2023. The case is currently set for trial on June 11, 2024. In Petitioner's federal criminal case, court records show that a scheduling order was issued on September 19, 2023, setting a plea agreement date in November of 2023 and a trial date in December of 2023.

## II. Discussion
### A. Petitioner must first seek relief in state court

For the reasons below, Mr. Washington's petition should be dismissed because he must first seek redress with the state court before filing a federal habeas petition. 28 U.S.C. §2254(b)(1)(A) requires that federal habeas petitioners fully exhaust available state court remedies before proceeding in federal court. *Morris v. Dretke*, 413 F.3d 484, 490 (5th Cir. 2005). This requirement is not jurisdictional but reflects the policy of federal-state comity, which is designed to give state courts the initial opportunity to consider and correct violations of their prisoners' federal rights. *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003); *Moore v. Quarterman*, 454 F.3d 484, 490-91 (5th Cir. 2006). The purpose of exhaustion "is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Ruiz v. Quarterman*, 460 F.3d 638, 642-643 (5th Cir. 2006).

While there is no corresponding requirement in the statute for pre-trial claims under 28 U.S.C. §2241, the Fifth Circuit has made clear that such a requirement does in fact exist, noting that

> Despite the absence of an exhaustion requirement in the statutory language of 28 U.S.C. §2241(c)(3), a body of case law has developed holding that although Section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state

court or by other state procedures available to the petitioner. *Dickerson v. State of Louisiana*, 816 F.2d 220, 223 (5th Cir. 1987). The court went on to note that the exhaustion doctrine was "judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." Exceptions to the exhaustion requirement exist only where there is an absence of an available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B). A reviewing court may raise a petitioner's failure to exhaust *sua sponte*. *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001).

In order to exhaust state remedies in Texas, a petitioner must present his claims to the Texas Court of Criminal Appeals. State remedies are ordinarily not considered exhausted as long as the petitioner may effectively present his claims to the state courts by any currently available and adequate means. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). In order to exhaust available state remedies, a petitioner must "fairly apprise" the highest state court of the federal rights which were allegedly violated. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).

A Texas prisoner confined after a felony indictment but prior to conviction may file an application for writ of habeas corpus pursuant to Article 11.08 of the Texas Code of Criminal Procedure with the judge of the state court in which he is indicted. *See* TEX. CODE CRIM. PRO. § 11.08 (Vernon 2003). If the state trial court denies habeas relief under Article 11.08, the applicant's remedy is to take a direct appeal to a state intermediate appellate court and then petition for discretionary review by the Texas Court of Criminal Appeals. *See, e.g., Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne*, 618 S.W.2d 380, 382 n. 5 (Tex. Crim. App. 1981)).

Here, Petitioner does not allege that he has presented his claims to the highest court for the State of Texas, and neither the on-line records of Bowie County nor the on-line records of the Texas

Court of Criminal Appeals show that he has attempted to do so. Nor has Petitioner shown an absence of available State corrective processes or circumstances rendering such processes ineffective to protect his rights. *See Graham v. Johnson*, 94 F.3d 958, 969 (5th Cir. 1996) (citing *Duckworth v. Serrano*, 454 U.S. 1, 3, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981)). To the extent Petitioner challenges the legality of his state court prosecution, the petition should be dismissed without prejudice for failure to exhaust state remedies.

Petitioner's argument that the state court cannot prosecute him over alleged conduct for which he is being prosecuted in federal court has been rejected under the law. The Supreme Court has explained, "we have long held that a crime under one sovereign's laws is not the same offense as a crime under the laws of another sovereign. Under this dual-sovereignty doctrine, a state may prosecute a defendant under state law even if the federal government has prosecuted him for the same conduct under a federal statute." *Gamble v. United States*, 139 S.Ct. 1960, 1964 (2019).

**B.     Petitioner's removal reasons are not proper**

Petitioner also suggests that his state criminal case should be removed to federal court. In order to remove a state criminal case to federal court, the defendant must file a notice of removal containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served on the defendant. 28 U.S.C. § 1455. The notice must be filed no later than 30 days after the arraignment in state court or at any time before trial, whichever is earlier, unless the federal court extends the time for good cause shown. *Id.* A criminal prosecution may be removed to federal court under 28 U.S.C. § 1443 if it is (1) "against any person who is denied or cannot enforce in the courts of such state a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof," or (2) "for any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."

There are three flaws with Petitioners request that prevent the court from granting it. First, Petitioner's habeas corpus petition does not meet the proper notice requirement of 28 U.S.C. § 1455. A request for relief in a federal habeas corpus petition that a state criminal case be removed

5

to federal court is not a proper notice of removal within the meaning of 28 U.S.C. § 1455. Second, Petitioner fails to set out any viable grounds for removal. The Fifth Circuit has explained that conclusory allegations of civil rights violations are insufficient to remove a pending state criminal prosecution to federal court. *See Collin County, Texas v. Starke*, slip op. no. 4:22cv333, 2022 U.S. Dist. LEXIS 227410 (E.D. Tex., October 5, 2022), r*eport and recommendation adopted*, 2023 U.S. Dist. LEXIS 9474 (E.D. Tex., January 19, 2023) (citing *Texas v. Gulf Water Benefaction Co.*, 679 F.2d 85, 86-87 (5th Cir. 1982)). Furthermore, Petitioner does not claim, much less show, that he cannot enforce the specified federal rights in state court. Third, his petition for habeas corpus relief was filed well after the expiration of 30 days from the date of his arraignment in state court, making the request for removal untimely.

### III. Conclusion

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. §2253(c)(1)(A). A district court may deny a certificate of appealability *sua sponte* because the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a federal right. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996). This requires a demonstration that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. *James v. Cain*, 50 F.3d 1327, 1330 (5th Cir. 1995).

The Supreme Court has stated that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the prisoner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural

ruling. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

In this case, reasonable jurists would not find it debatable whether the district court was correct in its procedural ruling that Petitioner has failed to exhaust his state remedies. Petitioner is not entitled to a certificate of appealability insofar as such a certificate relates to an appeal of this case.

## RECOMMENDATION

It is accordingly recommended that the Petitioner's application for the writ of habeas corpus be dismissed without prejudice for failure to exhaust state remedies. 28 U.S.C. §2254(b). It is further recommended that a certificate of appealability be denied *sua sponte*. The denial of a certificate of appealability should refer only to a dismissal of the present habeas petition and have no effect upon the Petitioner's right to defend himself in his state criminal prosecution, to appeal any such conviction which may result from this prosecution by direct appeal or state habeas corpus proceedings, or to again seek relief in federal court in the event that he does not obtain the relief which he seeks in state court.

A copy of these findings, conclusions and recommendations shall be served to all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 10th day of October, 2023.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE